UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH DROSKOSKI,

                Plaintiff,

-against-

SOUTHOLD SUPERMARKETS, INC., d/b/a
SOUTHOLD IGA and CHARLES REICHERT

                Defendants.

**CIVIL ACTION NO.:**

**COMPLAINT**

---

      Plaintiff, JOSEPH DROSKOSKI, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff, brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") in connection with Defendants' violation of their statutory obligations to pay Plaintiff overtime wages, as a non-exempt employee, for work in excess of 40 hours per week pursuant to 29 U.S.C. §207 (a).

2.     Plaintiff also brings this action under New York's Wage and Hour Laws. More specifically, Plaintiff asserts that he is entitled to unpaid overtime wages for his work beyond 40 hours per week, at a rate of 1.5 times his regular rate of pay pursuant to New York Labor Law § 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

1

3. For at least six (6) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal and state statutes and regulations governing overtime pay to all non-exempt employees for overtime hours worked in excess of 40 hours per week at a rate of 1.5 times their regular rate of pay. Plaintiff is seeking unpaid overtime compensation, an equal amount of liquidated damages and prejudgment interest, attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a Federal Statute. As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

6. Defendant, SOUTHOLD SUPERMARKETS, INC., d/b/a SOUTHOLD IGA (hereinafter "SOUTHOLD IGA") is a corporation created and existing under and by virtue of the laws of the State of New York.

7. SOUTHOLD IGA is authorized to and is actively transacting business in the State of New York.

8. At all relevant times Defendant, CHARLES REICHERT, was a principal, officer and shareholder of SOUTHOLD IGA.

9. Plaintiff, JOSEPH DROSKOSKI, resides in Town of Southold, County of Suffolk, and State of New York.

2

10. Plaintiff was employed by SOUTHOLD IGA from approximately 2001 to May 2014.

## FACTUAL ALLEGATIONS

11. SOUTHOLD IGA is a privately owned establishment in the business of owning, maintaining, controlling and operating supermarkets.

12. SOUTHOLD IGA operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

13. At all times material and relevant herein, SOUTHOLD IGA and CHARLES REICHERT were jointly the "employer" of Plaintiff within the meaning of 29 U.S.C §203(d) and N.Y.L.L. §651(6) (hereinafter collectively referred to as "SOUTHOLD IGA").

14. At all times material and relevant herein, SOUTHOLD IGA and CHARLES REICHERT were the joint "employer" and possessed the authority and power to hire or terminate Plaintiff; control Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; determined Plaintiff was exempt; determined SOUTHOLD IGA's overtime policy; determined compensation day policies and kept and/or had unrestricted access to SOUTHOLD IGA's records regarding Plaintiff's employment.

15. Starting more than six (6) years ago, the primary duties of Plaintiff, consisted of the identical work performed by Defendants' sales associates including, but not limited to, replenishing merchandise on the sales floor, and maintaining a neat and clean appearance in the store.

16. Starting more than six (6) years ago, Plaintiff did not customarily and regularly exercise discretionary powers with respect to SOUTHOLD IGA's business matters of significance.

17. Starting more than six (6) years ago, Plaintiff devoted less than 20% of his work week hours to activities directly or closely related to executive or administrative activities.

18. At all relevant times, Plaintiff worked in the manner described above and SOUTHOLD IGA encouraged, instructed, and required him to work in this manner.

3

19. Upon information and belief, SOUTHOLD IGA never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

20. During the applicable statutory period, Plaintiff was required by SOUTHOLD IGA and did regularly work well over 40 hours per week.

21. During the applicable statutory period, Plaintiff was not paid any overtime compensation by SOUTHOLD IGA for work weeks in excess of 40 hours.

22. Upon information and belief, at all times material and relevant herein, SOUTHOLD IGA failed to keep full and accurate records of Plaintiff's hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

23. Defendants intentionally and knowingly treated Plaintiff as exempt under § 213(a) of the FLSA, to circumvent the statute's overtime pay requirements.

24. Because SOUTHOLD IGA willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

25. Defendants intentionally and knowingly treated Plaintiff as exempt under, NYLL § 661, and NYCRR Tit. 12 §472.2, to circumvent the statute's overtime pay requirements.

26. Defendants intentionally and knowingly misclassified Plaintiff, as an employee exempt from the overtime pay requirements of the FLSA, despite his regular performance of non-exempt duties.

27. Plaintiff did not and does not qualify as an exempt employee as defined by the applicable Federal and State regulations.

28. SOUTHOLD IGA's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the

New York Department of Labor, or any administrative practice or enforcement policy of such departments.

29.     SOUTHOLD IGA's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

30.     SOUTHOLD IGA's failure to pay Plaintiff overtime compensation, in violation of federal and state law, has been willful and was not the result of a good faith contest or dispute.

## FIRST CLAIM FOR RELIEF (FLSA)

31.     Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "30" as if fully set forth herein.

32.     Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as described herein, by misclassifying Plaintiff as "exempt" and/or simply failing and refusing to pay any overtime compensation.

33.     Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

34.     By reason of these unlawful acts, Defendants have deprived Plaintiff of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (N.Y. LABOR LAW)

35.     Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "30" and "32" through "34" as if fully set forth herein.

36.     Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the New York Labor Law § 663 and the supporting New York State

Regulations, 12 N.Y.C.R.R. Part 142, as detailed herein, by misclassifying Plaintiff as "exempt" and/or simply failing and refusing to pay any overtime compensation.

37. By reason of these unlawful acts, Defendants have deprived Plaintiff of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to New York Labor Law § 663 and the supporting New York State Regulations, 12 N.Y.C.R.R., Part 142.

### THIRD CLAIM FOR RELIEF (UNJUST ENRICHMENT)

38   Plaintiff repeats and realleges paragraphs of the Complaint designated "1" through "30, "32" through "34" and " 36" through "37," as if fully set forth herein.

39. Defendants have unjustly enriched themselves by wrongfully and unlawfully denying and depriving Plaintiff from rightly receiving overtime wages and other benefits directly relating thereto, including social security and pension.

40. Under principles of fairness and equity, Defendants must disgorge all illegally withheld overtime wages, together with interest accruing thereupon and other benefits directly relating thereto, including corresponding amounts to fund social security and pension that would have been applicable if the correct amount of overtime wages had been paid in the first instance, as required by law.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for relief and damages as follows:**

(a)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq. and attendant regulations at 29 C.F.R. § 516 et.seq.;

(b)   A declaratory judgment that Defendants' practices alleged herein violate N.Y. Labor Law § 650 et.seq. and attendant regulations at N.Y.C.R.R. § 142-3.1 et.seq. and New York State common law principles.

(c)     Judgment for unpaid wages and overtime pay to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq., and attendant regulations at 29 C.F.R. § 516 et.seq.;

(d)     Judgment for unpaid wages and overtime pay to which Plaintiff is lawfully entitled pursuant N.Y. Labor Law § 650 et.seq. and attendant regulations at N.Y.C.R.R. § 142-3.1 et.seq. and New York State common law principles;

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. §516 et.seq., in an amount equal to the unpaid wages and overtime pay to which Plaintiff was lawfully entitled, but which were intentionally and wrongfully withheld by Defendants.

(f)     Judgment for liquidated damages pursuant to N.Y.L.L. Article §§ 190 et. seq., Article 19, §§ 650 et. seq. and 12 N.Y.C.R.R Part 137, to which Plaintiff is entitled.

(g)     Prejudgment interest pursuant to the N.Y.L.L. §§ 5001.

(h)     An order directing Defendants to pay Plaintiff his reasonable attorney's fees and all costs connected with this action.

(i)     Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 23, 2014

                                        BLAU, LEONARD Law Group, LLC

                                        By; _____
                                            Shelly Leonard
                                            Steven Bennett Blau
                                            23 Green Street, Suite 303
                                            Huntington, NY 11743
                                            (631) 458-1011
                                            *Attorneys for Plaintiff*

7