**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH DROSKOSKI,<br><br>                         Plaintiff,<br>  -against-<br><br>SOUTHOLD SUPERMARKETS, INC., d/b/a<br>SOUTHOLD IGA and CHARLES REICHERT,<br><br>                       Defendants. | ECF Case<br><br>No. 14-cv-6466 (ADS)(ARL) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

      Plaintiff Joseph Droskoski for himself, his privies, predecessors-in-interest, successors-in-interest, assigns, heirs, executors, administrators, trustees and legal representatives (hereinafter, collectively referred to as "Droskoski"), Southold Supermarkets, Inc. doing business as Southold IGA and Charles Reichert on their own behalf, on behalf of their present and former directors, officers, partners, employees, representatives, agents, attorneys, owners, and insurers, their parents, subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (hereinafter, collectively referred to as "Southold Releasees") (hereinafter, Droskoski and Southold Releasees may collectively be referred to as the "Parties" and may be referred to individually as a "Party") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a resolution of all issues involved herein as follows:

      1.    **Preliminary Matters.** Droskoski has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, Blau Leonard Law Group LLC, and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following Agreement. Droskoski enters into this Agreement voluntarily and with a full understanding of its terms.

      2.    **No Admission of Liability.** The Parties hereto recognize and agree that the Southold Releasees do not admit, and expressly deny, any violation of law or any liability to Droskoski as a result of or growing out of the matters set forth in the Complaint styled <u>Joseph Droskoski v. Southold Supermarkets, Inc. d/b/a Southold IGA and Charles Reichert</u>, Civil Action No. 14-cv-3942, filed in the United States District Court for the Eastern District of New York (the "Pending Action"). Neither this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of this Agreement as set forth herein.

      3.    **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Droskoski acknowledges, Droskoski agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action, or any other wage and hour causes of action against the Southold Releasees; and (3) not to institute any action against the Southold

Releasees in any court or other forum based on the allegations of wage and hour violations, prior to the date of this Agreement. The Parties expressly authorize their counsel to execute the Stipulation of Dismissal with Prejudice set forth in Exhibit "A" attached hereto and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action.

4. **Consideration.** The Southold Releasees agree to pay Droskoski and his attorneys the total sum of One Hundred Sixty-Five Thousand Dollars and Zero Cents ($165,000) as set forth in Section 7 below (hereinafter, the "Settlement Payment"), and other good and valuable consideration as described below. The Parties acknowledge and agree that the Settlement Payment includes purported back wages, overtime, attorneys' fees and costs, interest, and liquidated damages. Further, Droskoski agrees that he has no entitlement to any wages, overtime, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from the Southold Releasees, except as specifically provided in this Settlement Agreement.

5. **General Release by Droskoski.** Droskoski hereby acknowledges, for himself and his heirs, full and complete satisfaction of, and does hereby release and discharge the Southold Releasees, including but not limited to Southold Supermarkets Inc., Charles Reichert, Thomas Reichert, Tami Bierle Reichert, Kevin Grattan, Barbara Cavuto, Chasmur Supermarkets, Inc., and each of their officers, directors, employees and agents, parents and member companies, institutions, subsidiaries, affiliates, predecessors, and successors, heirs and assigns, attorneys, insurers and each of their respective past and present administrators, trustees, officers, directors, shareholders, partners, managers, members, employees and agents, and each of their respective predecessors, successors, heirs and assigns (collectively, the "Southold Releasees"), from any and all actions, causes of action, obligations, liabilities, judgments, suits, debts, attorneys' fees, costs, sums of money, wages, bonuses, benefits of any type, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, extents, executions, claims and demands whatsoever in law, or in equity, related to or arising out of any common law, federal, state or local laws, rules or regulations governing the payment of wages to and hours worked by employees, known or unknown, from the beginning of time to the date hereof, including, but not limited to, the Fair Labor Standards Act, the New York Labor Law, the New York Wage Theft Prevention Act, the New York Minimum Wage Act and the New York Minimum Wage Orders, all as amended, and claims for unpaid overtime, unpaid wages, commissions, improper deductions, spread of hours pay, and bonuses during Droskoski's employment.

Notwithstanding the foregoing, this Agreement does not waive rights or claims that may arise after the date this Agreement is executed.

6. **Droskoski's Responsibility for Taxes.** Droskoski assumes full responsibility for any employee-side taxes due on account of or for their respective portions of the Settlement Payment for which an IRS Form W-2 is to be issued as set forth in Section 7(B) below, including any employee-side federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Droskoski under any federal, state, or municipal laws of any kind, with respect to such monies paid by the Southold Releasees to Droskoski pursuant to this Agreement. Droskoski assumes full responsibility for any and all taxes due on account of or for their respective portions of the Settlement Payment for which an IRS Form 1099 is to be issued as set forth in Section 7(B) below, including any and all federal, state and local taxes or contributions

-2-

which may hereafter be imposed or required to be paid by Droskoski under any federal, state, or municipal laws of any kind, with respect to such monies paid by the Southold Releasees to Droskoski pursuant to this Agreement. Although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, Droskoski agrees to indemnify and hold the Southold Releasees, including their insurers, harmless for any such liability if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Droskoski and/or the Southold Releasees is liable for any failure by Droskoski to pay: (i) any employee-side federal, state or local income or employment taxes with respect to the portions of the Settlement Payment set forth in this Agreement for which an IRS Form W-2 is issued, or liable for interest or penalties related thereto; and (ii) federal, state or local income or employment taxes with respect to the portions of the Settlement Payment set forth in this Agreement for which an IRS Form 1099 is issued, or liable for interest or penalties related thereto.

7. **Payment.**

A. Within Fourteen days (14) days after Counsel for Southold's receipt of Droskoski's executed Agreement, a Stipulation of Dismissal with Prejudice executed by Droskoski or counsel for Droskoski (annexed hereto as Exhibit "A") and receipt of final, written Court-approval of this Agreement from United States District Court for the Eastern District of New York, the Southold Releasees shall issue the following checks in full satisfaction of the Settlement Payment, totaling $165,000.00:

(i) One check payable to "Joseph Droskoski" in the amount of Thirty-Nine Thousand, Six Hundred Eighty-One Dollars and Four Cents ($39,681.04), less applicable taxes, withholdings and deductions;

(ii) A second check payable to "Joseph Droskoski" in the amount of Seventy-Nine Thousand, Three Hundred Sixty-Two Dollars and Nine Cents ($79,362.09), for purported liquidated damages and interest for which there are no deductions or withholdings taken; and

(iii) One check payable to "Blau Leonard Law Group LLC" in the amount of Forty-Five Thousand, Nine Hundred Fifty-Six Dollars and Eighty-Seven Cents ($45,956.87).

B. The Southold Releasees will issue an IRS Form W-2 to Droskoski with respect to the payments set forth in Section 7(A)(i). The Southold Releasees will issue an IRS Form 1099 to Droskoski with respect to the payments set forth in Section 7(A)(ii). The Southold Releasees will issue an IRS Form 1099 to Droskoski's attorneys, Blau Leonard Law Group LLC, with respect to the payment set forth in Section 7(A)(iii). Upon request, Droskoski agrees to provide the Southold Releasees with a completed IRS Form W-9 and IRS Form W-4, and his attorneys, Blau Leonard Law Group LLC agrees to provide the Southold Releasees with a completed IRS Form W-9, within seven (7) days after any such request and the payment set forth in said section shall not be paid until the Southold Releasees receive the requested IRS forms.

C. All of the above referenced checks shall be sent via overnight mail to Droskoski's attorneys, Blau Leonard Law Group LLC, 23 Green Street, Suite 303, Huntington, New York 11743.

8. **Legal Process/Non-Disparagement.** Droskoski will not make disparaging remarks about Southold or any of its employees, officers, directors, agents, principals, managers or members. "Disparaging remarks" as used in this Agreement shall mean the publication or communication, written or otherwise, of matter that is untrue or adversely affects the subject's reputation, image or good will, and is designed to induce others not to do business with the subject, or their respective subsidiaries and affiliates.

Nothing in this Agreement infringes on Droskoski's ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. Further, nothing in this Agreement shall prohibit Droskoski from making truthful statements pursuant to legal process (e.g. in a deposition, under subpoena) or to any government entity or agent. Notwithstanding the foregoing, Droskoski acknowledges and agrees that this Agreement shall not be construed to interfere with his right to participate in any investigation or proceeding before a state or federal anti-discrimination agency; provided, however, that it does and shall operate to prevent Droskoski from receiving or sharing in any relief, remedy, judgment or award resulting from such investigation or proceeding that relates to or arises out of any wage and hour allegation, action or matter occurring on or before the date of this Agreement.

9. **No Future Employment.** Droskoski acknowledges and agrees that he is not an active employee of the Southold Releasees. Droskoski also agrees that he hereby relinquishes any and all rights he may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity (including but not limited to as an employee, independent contractor, consultant or temporary employee) to the Southold Releasees. Droskoski agrees that he will not seek, apply for, or accept any employment or assignment to which he has relinquished any rights. Droskoski agrees that his signing of this Agreement will constitute good and sufficient cause to reject any application Droskoski might make despite this provision, or to terminate Droskoski's employment if he should obtain such employment. Droskoski understands that this provision is intended to protect the Southold Releasees from allegations of retaliation.

10. **Governing Law.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Agreement may be enforced only in the United States District Court for the Eastern District of New York (provided there is jurisdiction in said court) or a court of competent jurisdiction located in New York. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to the Southold Releasees if found to be invalid or unenforceable), the remaining provisions shall

continue in full force and effect notwithstanding. Droskoski acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

11. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

12. **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

13. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

14. **Knowing and Voluntary Release of Claims.** Droskoski acknowledges that:

    A. Droskoski has carefully read this Settlement Agreement and he fully understands its meaning;

    B. The Southold Releasees hereby advise Droskoski in writing that Droskoski should consult with an attorney before signing the Settlement Agreement, and Droskoski acknowledges that he has in fact consulted with his attorney regarding this Agreement, or that he has waived this right.

    C. Droskoski is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

    D. Everything Droskoski is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Droskoski to sign it.

15. **Neutral Reference.** Droskoski agrees to direct all third-party inquiries regarding his employment with or by Southold, including, but not limited to, all inquiries from prospective employers, to the attention of Ms. Tami Reichert, Southold Supermarkets, Inc., 10-15 Fort

Salonga Road, Fort Salonga, New York 11768 or her successor. All such properly directed inquiries shall be responded to with only the following information: (i) Droskoski's date(s) of employment with or by Southold; (ii) the position(s) he held during his employment with or by Southold and, if requested by the party making the inquiry, (iii) confirmation of his final gross salary with Southold.

16. **COUNTERPARTS.** The Parties may execute this Agreement in counterparts, and facsimiles shall be deemed an original, and all of which taken together shall constitute one and the same instrument.

Dated: April 21, 2016

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written above.

_____
Joseph Droskoski

STATE OF NY )
COUNTY OF Suffolk ) ss.:

On 4/21, 2016, before me came Joseph Droskoski, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

SHELLY A. LEONARD
Notary Public, State of New York
No. 02LE6235240
Qualified in Suffolk County
Commission Expires Feb. 7, 20 5/27/17

_____
Notary Public

**[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK].**

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written above.

_____
Charles Reichert

STATE OF NY       )
                  ) ss.:
COUNTY OF Suffolk )

On 25th day April, 2016, before me came Charles Reichert, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

ELISE DOHT
Notary Public - State of New York
NO. 01DO6331136
Qualified in Suffolk County
My Commission Expires Oct 5, 2019

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written above.

_____
On behalf of Southold Supermarkets, Inc.
d/b/a Southold IGA

PRESIDENT
(Title)

STATE OF NY       )
                  ) ss.:
COUNTY OF Suffolk )

On 25th day of April, 2016, before me came Thomas CReichert, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he/she executed same as his/her act for the purposes expressed herein.

_____
Notary Public

ELISE DOHT
Notary Public - State of New York
NO. 01DO6331136
Qualified in Suffolk County
My Commission Expires Oct 5, 2019

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH DROSKOSKI,

      Plaintiff,

 -against-

SOUTHOLD SUPERMARKETS, INC., d/b/a
SOUTHOLD IGA and CHARLES REICHERT,

      Defendants.

---

ECF Case

No. 14-cv-6466 (ADS)(ARL)

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Joseph Droskoski and Southold Supermarkets, Inc. d/b/a Southold IGA and Charles Reichert (collectively, "Defendants") hereby stipulate, by and through their counsel, that the claims asserted by Plaintiff in the Complaint against Defendants shall be unconditionally dismissed **with prejudice**, and without costs or attorneys' fees to any party, except that in the event Defendants fails to make all of the payments set forth in the parties' Settlement Agreement are not made, Plaintiff may move to reopen the case.

Date: April 21, 2016
BLAU LEONARD LAW GROUP LLC

_____
Shelly A. Leonard, Esq.
Steven Blau, Esq.
Attorneys for Plaintiff
*Joseph Droskoski*
23 Green Street, Suite 303
Huntington, New York 11743
(631) 458-1010

Dated: April 25, 2016
MILBER MAKRIS PLOUSADIS
& SEIDEN LLP

_____
Elizabeth R. Gorman, Esq. (EG 6316)
Christo C. Hadjicharalambous (CH 9397)
Attorneys for Defendants
*Southold Supermarkets, Inc. d/b/a
Southold IGA and Charles Reichert*
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
(516) 712-4013 (Facsimile)